UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 16 mj 81 HB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL HARRIS,

    Defendant.

PLEA AGREEMENT AND
SENTENCING STIPULATIONS

The United States of America and Michael Harris (hereinafter referred to as "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only Defendant, the United States Attorney's Office for the District of Minnesota, and the Civil Rights Division of the United States Department of Justice. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges.** Defendant agrees to plead guilty to Count 1 and Count 2 of the Information, which charge Defendant with two separate violations of Title 18, United States Code, Section 248(a)(1), Freedom of Access to Clinic Entrances.

2.   **Factual Basis.** The parties agree on the following factual basis for the plea:

   a. <u>Count 1</u>: On or about May 12, 2014, in the State and District of Minnesota, Defendant, acting by force and threat of force, intentionally injured, intimidated, and interfered with, and attempted to injure, intimidate, and interfere with, a person associated with a clinic that provides reproductive health services in Minneapolis, Minnesota, because that person was and had been, and in order to intimidate that person and any other person from, obtaining and providing reproductive health services. Specifically, Defendant made a telephone call to a clinic that provides reproductive health services in Minneapolis, Minnesota, in which Defendant threatened to kill the recipient of the call with his bare hands and to cut the recipient's head off with a band saw. Defendant made these threats because the recipient was and had been, and in order to intimidate the recipient and any other person from, obtaining and providing reproductive health services.

SCANNED
MAR 0 2 2016
U.S. DISTRICT COURT ST. PAUL

    b. <u>Count 2</u>: On or about May 12, 2014, in the State and District of Minnesota, Defendant, acting by force and threat of force, intentionally injured, intimidated, and interfered with, and attempted to injure, intimidate, and interfere with, a person associated with a clinic that provides reproductive health services in Minneapolis, Minnesota, because that person was and had been, and in order to intimidate that person and any other person from, obtaining and providing reproductive health services. Specifically, Defendant made a telephone call to a second clinic that provides reproductive health services in Minneapolis, Minnesota, in which Defendant told the recipient that he was going to kill the recipient and the recipient's co-workers, and that he was going to travel to the clinic and shoot everyone present. Defendant made these threats because the recipient was and had been, and in order to intimidate the recipient and any other person from, obtaining and providing reproductive health services.

    c. <u>Relevant conduct</u>: On or about May 13, 2014, in the State and District of Minnesota, Defendant made a second telephone call to the second clinic that provides reproductive health services that Defendant had called the previous day. In that call, Defendant told the recipient that he was a detective and asked for the home address of one of the clinic's doctors, because, Defendant stated, that doctor had killed someone and needed to be arrested. Defendant then threatened to arrest everyone in the clinic and put them in a cage. Defendant then stated that he was ten minutes away from the clinic and abruptly ended the call.

3.     **<u>Waiver of Indictment</u>**. Defendant agrees to waive indictment by a grand jury on these charges and to consent to the filing of a criminal information. Defendant further agrees to execute a written waiver of Defendant's rights to be indicted by a grand jury for these offenses.

4.     **<u>Waiver of Pretrial Motions</u>**. Defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement, and based upon the concessions of the United States contained herein, Defendant knowingly, willingly, and voluntarily gives up the right to file and/or litigate pretrial motions in this case.

5.     **<u>Statutory Penalties</u>**. The parties agree that, because Defendant does not have a prior conviction under 18 U.S.C. § 248, Counts 1 and 2 of the Information each carry a statutory penalty of:

    a. a maximum of one year imprisonment;

2

b. a supervised release term of one year;

c. a fine of up to $100,000;

d. a mandatory special assessment of $25; and

e. payment of mandatory restitution in any amount, if ordered by the Court.

6. **Revocation of Supervised Release**. Defendant understands that if he violates any condition of supervised release, Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term.

7. **Guideline Calculations**. The parties acknowledge that Defendant will be sentenced in accordance with 18 U.S.C. § 3551, et seq. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines independently and is not bound by any agreement between the parties concerning the Sentencing Guidelines. Acknowledging this, the parties stipulate to the following guideline calculations:

   a. Base Offense Level. The parties agree that the base offense level for a violation of 18 U.S.C. § 248(a)(1) is **10**. (U.S.S.G. § 2H1.1).

   b. Grouping. The parties agree U.S.S.G. § 3D1.4 provides for a **2-level** increase of the total offense level because Count 1 and Count 2 in the Information are not grouped together as closely related counts under U.S.S.G. § 3D1.2.

   c. Acceptance of Responsibility. The government agrees to recommend that Defendant receive a **2-level** reduction for acceptance of responsibility and to make any appropriate motions with the Court. However, Defendant understands and agrees that this recommendation is conditioned upon the following: (i) Defendant testifies truthfully during the change of plea and sentencing hearings; (ii) Defendant cooperates with the Probation Office in the pre-sentence investigation, including disclosure of truthful and accurate financial information to the Probation Office; and (iii) Defendant commits no acts and makes no statements inconsistent with acceptance of responsibility. (U.S.S.G. § 3E1.1(a)).

The parties agree that no other adjustments from Chapter 3 of the Sentencing Guidelines apply here.

d. <u>Total Offense Level</u>. The parties agree that the total offense level for Defendant, based on a guilty plea to Count 1 and Count 2 in the Information, is **10**.

e. <u>Criminal History Category</u>. Based on the information available at this time, the parties believe that Defendant's criminal history category is **I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. Defendant's actual criminal history category will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included in his criminal history under the U.S. Sentencing Guidelines, Defendant will be sentenced based on his true criminal history, and he will not be permitted to withdraw from this Plea Agreement. (U.S.S.G. § 4A1.1).

f. <u>Guideline Range</u>. The parties agree that, for a total offense level of **10** and a criminal history category of **I**, the Sentencing Guidelines imprisonment range is 6 to 12 months of imprisonment.

g. <u>Eligibility for Probation</u>: The parties agree that, for a total offense level of **10** and a criminal history category of I, the applicable guidelines range falls within Zone B of the sentencing table. Accordingly, the parties agree that the Sentencing Guidelines authorize a sentence of probation if the Court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in U.S.S.G. § 5C1.1(c)(3). The parties agree that, should the Court impose a sentence of probation, the term of probation shall be at least one year and no more than five years. (U.S.S.G. §§ 5B1.1, 5B1.2(a)(1)).

h. <u>Fine Range</u>. For an adjusted offense level of **10**, the fine range under the Sentencing Guidelines is $2,000 to $20,000. (U.S.S.G. § 5E1.2).

i. <u>Supervised Release</u>. If the Court imposes a term of imprisonment of more than one year, the Sentencing Guidelines require that the Court impose a term of supervised release of up to one year. If the Court imposes a term of imprisonment of less than one year, the Sentencing Guidelines provide that the Court may impose a term of supervised release of up to one year. (U.S.S.G. §§ 5D1.1, 5D1.2).

j. <u>Sentencing Recommendation and Departures</u>. Defendant reserves the right to make a motion for departures from the applicable Guidelines. Defendant further reserves the right to argue for a sentence outside the applicable Guidelines range. Based on the facts known to the Government at the time of the execution of this

plea agreement, the Government agrees to request a sentence at the low end of the Guidelines range stipulated to by the parties in this agreement. The Government reserves the right to seek a sentence exceeding the low end of the Guidelines range stipulated to by the parties in this agreement if new facts warranting such a change are discovered prior to sentencing.

8. **Discretion of the Court**. The foregoing stipulations are binding on the parties but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable Guideline calculations or Defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Defendant will be sentenced pursuant to the Court's determinations.

9. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $25 for each count of which Defendant is convicted. (U.S.S.G. §5E1.3). This special assessment of $50 becomes due and payable at sentencing.

10. **Restitution**. Defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order Defendant to make restitution to the victims of the crime. There is no agreement with regard to the amount of restitution, if any; however, Defendant understands and agrees the Court may order Defendant to make restitution to any victims of his crimes regardless of whether the victim was named in the Information or whether the victim is included in the count of convictions.

11. **Waivers of Appeal and Collateral Attack**. The parties understand that 18 U.S.C. § 3742 affords them the right to appeal the sentence imposed in this case. Acknowledging this right, the parties hereby waive all rights conferred by 18 U.S.C. § 3742 to

5

appeal Defendant's sentence, except that Defendant may appeal the sentence if the term of imprisonment imposed is greater than the high end of the applicable Guidelines range as determined by the Court, and the Government may appeal the sentence if the term of imprisonment is less than the low end of the applicable Guidelines range as determined by the Court. In addition, Defendant expressly waives the right to petition under 28 U.S.C. § 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of an unconstitutional sentence or on a claim of ineffective assistance of counsel. Defendant has discussed these rights with Defendant's attorney. Defendant understands the rights being waived, and Defendant waives these rights knowingly, intelligently, and voluntarily.

12. **Waiver of Rights Under Fed. R. Evid. 410**. In an effort to resolve this matter in a timely fashion and showing good faith while coopering with the Government, Defendant agrees to knowingly, voluntarily, and expressly waive any rights pursuant to Rule 410 of the Federal Rules of Evidence. Defendant understands and agrees that in the event that Defendant violates the plea agreement, Defendant withdraws his decision to plead guilty, or Defendant's guilty plea is later withdrawn, any statements made by Defendant to law enforcement agents or to an attorney for the prosecuting authority (including, but not limited to, statements made during plea discussions, any statements made during any court proceeding involving Defendant's plea of guilty, and any factual bases or summaries signed by Defendant or agreed to by Defendant under oath, or any other statements made by Defendant in court proceedings, and any testimony given by Defendant before a grand jury or any tribunal or court, and any leads from such statements or testimony), shall be admissible for all purposes against Defendant in any and all criminal proceedings.

13. **Joint Recommendation Concerning Terms of Probation or Supervised Release.** Should the Court impose a probationary sentence, the parties jointly recommend the following terms of probation to the Court: that Defendant successfully complete an intensive alcohol treatment program; that Defendant complete 100 hours of community service; that Defendant stay away from, and have no contact of any kind with, either Planned Parenthood of Minneapolis, Minnesota, or the Office of Dr. Mildred Hanson in Minneapolis, Minnesota; that Defendant not commit any violation of federal, state, or local criminal law; and that Defendant be subject to strict supervision by the U.S. Probation Office. Should the Court instead sentence Defendant to a term of imprisonment followed by supervised release, the parties jointly recommend that these conditions be imposed on Defendant as terms of his supervised release.

14. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and Defendant.

Date: 3/2/16

ANDREW M. LUGER
UNITED STATES ATTORNEY

MANDA M. SERTICH
ASSISTANT U.S. ATTORNEY
Attorney ID No. 4289039

BY: RISA BERKOWER
TRIAL ATTORNEY
U.S. Department of Justice
Civil Rights Division

Date: 3-2-16

MICHAEL HARRIS
Defendant

Date: 3-2-16

_____
JAMES BECKER, ESQ.
Counsel for Defendant